UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
-------------------------------------------------------------------X
FAHAD GHAFFAR,

$\qquad$ *Plaintiff*,

$\qquad$ - against -  $\qquad$ No. 3:23-cv-01455-CVR

JOHN PAULSON, PAULSON PRV HOLDINGS,
LLC, AND J.P. MORGAN TRUST COMPANY OF
DELAWARE AS TRUSTEE OF THE PAULSON
2009 FAMILY TRUST,

$\qquad$ *Defendants*.

-------------------------------------------------------------------X

### DEFENDANTS JOHN PAULSON'S AND PAULSON PRV HOLDINGS LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 11 MOTION

OVED & OVED LLP
*Attorneys for Defendants*
*John Paulson and Paulson*
*PRV Holdings, LLC*
401 Greenwich Street
New York, New York 10013
Tel.: 212.226.2700

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

BACKGROUND ...................................................................................................... 1

LEGAL STANDARD................................................................................................5

ARGUMENT .............................................................................................................6

     I.       THE COURT SHOULD SANCTION
             GHAFFAR AND HIS COUNSEL FOR VIOLATING RULE 11 ...........................6

            A.      Ghaffar's Allegation that "Defendants Failed to Provide
                   Evidence of the Convertible Note to Ghaffar" Is Frivolous .......................6

            B.      Ghaffar's Complaint Was Filed for an Improper Purpose...........................8

CONCLUSION...........................................................................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Alston v. Spigel,*
    993 F.3d 27 (1st Cir. 2021)..........................................................................5, 6

*CO International Co. v. Rochem International, Inc., USA,*
    659 F.3d 53 (1st Cir. 2011)............................................................................6

*Cooter & Gell v. Hartmarx Corp.,*
    496 U.S. 384 (1990)......................................................................................6

*Cruz v. Savage,*
    896 F.2d 626 (1st Cir. 1990)........................................................................5, 6

*Lancellotti v. Fay,*
    909 F.2d 15 (1st Cir. 1990)..........................................................................6, 8

*McMillan v. Rodriguez,*
    337 F.R.D. 27 (D.P.R. 2020) .......................................................................8

*Molina v. Casa La Roca, LLC,*
    2022 U.S. Dist. LEXIS 2356 (D.P.R. Jan. 3, 2022)......................................5, 6

*Montoyo-Rivera v. Pall Life Scis. PR, LLC,*
    245 F. Supp. 3d 337 (D.P.R. 2017).............................................................6

*Soler v. P.R. Tel. Co.,*
    230 F. Supp. 2d 232 (D.P.R. 2002).............................................................5

*Top Entm't Inc. v. Ortega,*
    285 F.3d 115 (1st Cir. 2002)........................................................................6

*Unanue-Casal v. Unanue-Casal,*
    898 F.2d 839 (1st Cir. 1990)........................................................................8

**Statutes**

Fed. R. Civ. P. 11(c)(1)........................................................................................5

Fed. R. Civ. P. 11(c)(2)........................................................................................5

**<u>Other</u>**

Gretchen Morgenson & Louise Story, *Investor Who Made Billions is Not Target of Suit*,
N.Y. TIMES (Apr. 16, 2010)............................................................................................5

Defendants John Paulson ("Paulson") and Paulson PRV Holdings ("PRV" and collectively, the "Paulson Defendants"), by their undersigned counsel, respectfully submit this memorandum of law in support of their motion for sanctions against Plaintiff Fahad Ghaffar ("Plaintiff" or "Ghaffar") and his counsel pursuant to Federal Rule of Civil Procedure 11(c) ("Rule 11") and award the Paulson Defendants' their reasonable expenses, including attorneys' fees, to be established by attorney declaration, incurred in connection with this action.

## **BACKGROUND**

The Paulson Defendants submit this motion for sanctions pursuant to Rule 11 because Ghaffar's amended complaint (the "Complaint") contains knowingly false, frivolous and scandalous factual allegations that were filed solely for the purpose of harassing, defaming and denigrating the Paulson Defendants in the public record.

From 2013 to 2023, the Paulson Defendants entrusted Ghaffar to manage Paulson's significant investments in Puerto Rico, which include numerous luxury hotels, automobile dealerships, and multiple condominium developments.  During the course of the past year, Paulson began noticing numerous troubling red flags with respect to Ghaffar's management of Paulson's Puerto Rican business interests.  As Paulson dug deeper, he uncovered that Ghaffar, acting in concert with numerous members of Ghaffar's family, were engaging in a massive criminal enterprise permeating nearly every aspect of Paulson's businesses in Puerto Rico, which included embezzlement of corporate assets to finance an extravagant lifestyle for himself and his wife; diversion of hotel business to himself and his family members for their enrichment and to the detriment of Paulson; and fraudulently inflating the cost of goods and services provided by his family members to increase the commissions corresponding to those services.

Accordingly, in July 2023, Paulson terminated Ghaffar's management of Paulson's businesses, including Ghaffar's role president and CEO of F40.  Ghaffar retaliated against Paulson by filing his Complaint with this Court.

In the Complaint, all seven of Ghaffar's claims hinge on the demonstrably false assertion that in 2022, Paulson orally promised to deliver Ghaffar, at some unspecified time, a convertible note containing certain features (the "Convertible Note"), but that Paulson has yet to provide to him evidence of the Convertible Note.  According to the Complaint, this Convertible Note was intended to afford Ghaffar a profits participation interest in non-party F40 until Ghaffar qualified for formal admission into F40's ownership structure, at which time Ghaffar's interest would convert to a 50% equity interest in F40.

Ghaffar alleges that at "numerous times since the [*sic*] February 7, 2022," he requested that the Paulson Defendants "provide him with the documentation evidencing his purchase of the Convertible Note," (Compl. ¶ 24), but that "***Defendants failed to provide evidence of the Convertible Note to Ghaffar.***"  *Id.* ¶ 21 (emphasis added).  At paragraph 25 of the Complaint, Ghaffar includes the following block quote from a June 2022 email from the Paulson Defendants' counsel to Ghaffar (the "June 2022 Email"):

> In June of 2022, Ghaffar received an e-mail from an outside attorney for Paulson which again confirmed that basic terms of the deal as follows:
>
> > As discussed with Lebin, the ownership structure for (i) F40 LLC; and (ii) V12 LLC; now contemplates a US Holding Company Organized as PCI Delaware LLC. […] The proposed structure contemplates that Better Puerto Rico LLC will initially hold a convertible note with PCI Delaware LLC. The ultimate goal is … PCI Delaware LLC (a Paulson entity) and Better Puerto Rico LLC (a Fahad entity) being each 50% owners in PCI DE LLC; and (iii) the cancellation of the Convertible Note for equity in PCI DE LLC.

Compl. ¶ 25 (alterations in original).

Incredibly, to deceive this Court, Ghaffar purposefully omits that in the very same June 2022 Email, the Paulson Defendants attached a copy of the Convertible Note to Ghaffar specifically stating that it was being submitted for Ghaffar's final "review and approv[al]." Declaration of Andrew Urgenson, dated October 12, 2023 (the "Urgenson Decl.") ¶ 2, **Exhibit A**. Specifically, Ghaffar deliberately omitted the following from his purported quotation of the June 2022 Email in paragraph 25 of the Complaint:

Dear Fahad:

…

***Please review and approve so that I can send to Lebin/Stuart for final approval and signature***:

…

***I am enclosing for your final review and approval the following transaction documents*** pending execution by Fahad & Paulson:

***Convertible Notes*** –Added proposed language to (i) limit the PCI Delaware interest to be received by Better Puerto Rico LLC under the convertible note to profit/losses from F40 LLC and V12 LLC (profits from Auto    Grupo entities need to be carved out given that Better Puerto Rico is already the owner of 50% of PCI DE LLC which is the owner of all Auto Grupo entities); and to (ii) provide for partial cancellations of the convertible note as assets of F40 LLC and V12 LLC are transferred to PCI DE LLC …

*Id.* (emphasis added).

Thus, the very email that Ghaffar selectively quoted in the Complaint confirms that the Paulson Defendants delivered the Convertible Note to Ghaffar as an attachment to the June 2022 Email. Because Ghaffar quotes the June 2022 Email transmitting the Convertible Note to him, both he and his attorneys have actual knowledge that his allegation that "*Defendants failed to provide evidence of the Convertible Note to Ghaffar*" is frivolous, which confirms that Ghaffar brought this action solely to harass and defame Paulson.

Further demonstrating the bad faith and frivolous nature of this action, Ghaffar also conceals that the Paulson Defendants delivered the Convertible Note to Ghaffar on numerous other occasions before and after June 2022 but, each time, Ghaffar rejected the Convertible Note and demanded new terms.  For example, as early as March 31, 2022, Ghaffar complained that the Convertible Note contained too many pages and was "too complicated," so the Paulson Defendants delivered a revised copy that was shorter the very next day, April 1, 2022.  Urgenson Decl. ¶ 3, **Exhibit B** (April 1, 2022 email attaching revised Convertible Note: "Sir … the Note has 4 pages. Very simple.  Can send redlines if you want them.").  As recently as June 9, 2023, Ghaffar sought to renegotiate the "option concept" in the Convertible Note.  Urgenson Decl. ¶ 4, **Exhibit C** (June 9, 2023 email attaching Convertible Note with revisions to option: "I just got a call from Fahad and he revisited the option concept.").  These emails further prove the falsity of Ghaffar's allegation that "Defendants failed to provide evidence of the Convertible Note to Ghaffar" and further confirm that the Complaint is wholly without merit.

Moreover, but for Ghaffar's demonstrably false allegation, Ghaffar effectively concedes that Paulson engaged in no wrongdoing and caused Ghaffar no harm.  In fact, *Ghaffar's own Complaint expressly acknowledges that:*

(i)    the Paulson Defendants repeatedly and accurately confirmed the terms of the Convertible Note in writing (Compl. ¶¶ 25-27);

(ii)    Pursuant to the parties' agreement, Paulson provided Ghaffar with the economic benefits of being a 50% member of F40 pending Ghaffar's formal qualification for admission into F40's ownership structure (*id.* ¶ 32);

(iv)    Ghaffar is still unqualified for formal admission into F40's ownership structure and thus admittedly cannot yet hold equity in F40 (*see id.* ¶ 18);

(v)    Paulson complied with the parties' agreement by providing Ghaffar a 50% equity interest in the related entity, V12 (*id.* ¶ 31).

Ghaffar's own allegations also prove that he filed this action for an improper and unlawful purpose. For example, Ghaffar dedicates the first three paragraphs of the "Relevant Facts" to allege scandalous and irrelevant falsehoods about an investment Paulson made in 2008, fully five years before Ghaffar allegedly met Paulson in 2013. *Id.* ¶¶ 11-12. Yet, despite Ghaffar's suggestion that Paulson somehow participated in the 2008 "fraudulent shorting" of collateralized debt obligations, it is widely known that the only penalty related to that matter was imposed upon Goldman Sachs. *See, e.g.,* Gretchen Morgenson and Louise Story, Investor Who Made Billions Is Not Target of Suit, N.Y. TIMES (Apr. 16, 2010). Moreover, this fifteen-year-old transaction has no bearing whatsoever on Ghaffar's claims, and thus the only conceivable purpose for making these allegations is to falsely disparage and denigrate Paulson in the public record, and deflect from his own egregious misconduct.

Consistent with Federal Rule of Civil Procedure 11(c), the Paulson Defendants served a copy of the instant motion on Ghaffar's counsel on October 12, 2023. Urgenson Decl. ¶ 5. As of the filing of this motion, Ghaffar has not withdrawn the Complaint, corrected the false statements set forth above, or even responded at all. *Id.* ¶ 6.

## LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure requires litigants and their counsel "to conduct a reasonable inquiry into the facts and the law before signing" and filing a pleading with the Court and prohibits them from submitting any matter (1) that lacks evidentiary support; or (2) for an improper purpose. *Soler v. P.R. Tel. Co.*, 230 F. Supp. 2d 232, 237 (D.P.R. 2002); *Molina v. Casa La Roca, LLC*, 2022 U.S. Dist. LEXIS 2356, *6-7 (D.P.R. Jan. 3, 2022); *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990). Sanctions may be imposed on any attorney, law firm, or party that is responsible for violations of this Rule. Fed. R. Civ. P. 11(c)(1); *Alston v. Spigel*, 993 F.3d

27, 34 (1st Cir. 2021) (sanctions may be imposed "for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose"); *Cruz*, 896 F.2d at 630 ("The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses.").  A motion to sanction a litigant or his counsel for violating Rule 11 must be (1) made separately; (2) served to the opposing party prior to filing; and (3) filed only if the opposing party does not withdraw the challenged matter within 21 days after service.  Fed. R. Civ. P. 11(c)(2).

The Rule 11 inquiry requires the Court to decide whether an attorney has abused the judicial process and, if so, what sanction is appropriate to deter future abuses.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).  Only a finding of culpable carelessness is required, bad faith is not.  *Cruz*, 896 F.2d at 634; *Lancellotti v. Fay*, 909 F.2d 15, 18-19 (1st Cir. 1990) (Rule 11 sanctions may be imposed due to groundless but "sincere" pleadings as well as for pleadings that, though not meritless, have been filed in bad faith); *CO International Co. v. Rochem International, Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011); *Montoyo-Rivera v. Pall Life Scis. PR, LLC*, 245 F. Supp. 3d 337, 347 (D.P.R. 2017).  The standard for measuring an attorney's conduct under Rule 11 "is an objective standard of reasonableness under the circumstances."  *Cruz*, 896 F.2d at 631.  In applying this standard, courts consider the complexity of the subject matter, the available time for prior inquiry, and the ease or difficulty of access to the information needed for corroboration.  *Alston*, 993 F.3d at 34.

## ARGUMENT

### THE COURT SHOULD SANCTION GHAFFAR
### AND HIS COUNSEL FOR VIOLATING RULE 11

Ghaffar and his counsel should be sanctioned under Rule 11 because they (A) submitted allegations in their Complaint that they know to be false; and (B) did so for the improper purpose of harassing, defaming and denigrating Paulson in the public record.

**A.      Ghaffar's Allegation that "Defendants Failed to Provide Evidence of the Convertible Note to Ghaffar" Is Frivolous**

Rule 11 "forbids parties and their counsel from alleging factual contentions that lack evidentiary support." *Top Entm't Inc. v. Ortega*, 285 F.3d 115, 118 (1st Cir. 2002) (affirming imposition of sanctions for filing false allegations in a complaint); *Molina*, 2022 U.S. Dist. LEXIS 2356 at *9-11, *16-18 (awarding sanctions for filing motion based on false allegations).

Here, all seven of Ghaffar's claims hinge on the allegation that the Paulson Defendants have "failed to provide evidence of the Convertible Note to Ghaffar."  As noted above, in support of this action, paragraph 25 of the Complaint contains the following block quote from the June 2022 Email from the Paulson Defendants' counsel to Ghaffar:

> In June of 2022, Ghaffar received an e-mail from an outside attorney for Paulson which again confirmed that basic terms of the deal as follows:
>
>> As discussed with Lebin, the ownership structure for (i) F40 LLC; and (ii) V12 LLC; now contemplates a US Holding Company Organized as PCI Delaware LLC. […] The proposed structure contemplates that Better Puerto Rico LLC will initially hold a convertible note with PCI Delaware LLC. The ultimate goal is … PCI Delaware LLC (a Paulson entity) and Better Puerto Rico LLC (a Fahad entity) being each 50% owners in PCI DE LLC; and (iii) the cancellation of the Convertible Note for equity in PCI DE LLC.

Compl. ¶ 25 (alterations in original).

Incredibly, to deceive this Court, Ghaffar purposefully omits that in the very same June 2022 Email that Ghaffar quotes in paragraph 25 of the Complaint, the Paulson Defendants attached a copy of the Convertible Note to Ghaffar specifically stating that it was being submitted for Ghaffar's final "review and approv[al]."  Urgenson Decl. ¶ 2, Ex. A.  Because Ghaffar quotes an email transmitting the Convertible Note to him, both he and his attorneys have actual knowledge that his allegation that "*Defendants failed to provide evidence of the Convertible Note to Ghaffar*" is frivolous.  The Court should sanction Ghaffar and his counsel for this reason alone.

In addition, as demonstrated above, Ghaffar conceals that the Paulson Defendants delivered the Convertible Note to Ghaffar on numerous other occasions before and after June 2022 but, each time, Ghaffar rejected the Convertible Note and demanded new terms.  For example, as early as March 31, 2022, Ghaffar complained that the Convertible Note contained too many pages and was "too complicated," so the Paulson Defendants delivered a revised copy that was shorter the very next day, April 1, 2022.  Urgenson Decl. ¶ 3, Ex. B.  As recently as June 9, 2023, Ghaffar sought to renegotiate the "option concept" in the Convertible Note.  Urgenson Decl. ¶ 4, Ex. C.

These emails further demonstrate that Ghaffar's allegation that "Defendants failed to provide evidence of the Convertible Note to Ghaffar" is frivolous.  The Court should sanction Ghaffar and his counsel under Rule 11 for this reason as well.

**B.**     **Ghaffar's Complaint Was Filed for an Improper Purpose**

Sanctions are also warranted when a document is filed for an improper purpose, such as harassing an opponent or delaying the judicial process.  *See Lancellotti*, 909 F.2d at 18-19; *Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 841-42 (1st Cir. 1990) (affirming grant of sanctions against a party that filed documents "for an improper purpose, namely, to harass, or to delay the start of the New Jersey trial"); *McMillan v. Rodriguez*, 337 F.R.D. 27, 34 (D.P.R. 2020)

(sanctioning plaintiff for filing a complaint "for the improper purpose of harassing [defendant] and seeking to cause her emotional and financial hardship").

Here, Ghaffar's own allegations prove his improper motive in filing this action.  As noted above, Ghaffar improperly dedicates the second and third paragraphs of the "Relevant Facts" to allege scandalous and wholly irrelevant falsehoods about an investment Paulson made in 2008 that serve no purpose other than to falsely disparage and denigrate Paulson in the public record.  Moreover, other than his knowingly false assertion that "Defendants failed to provide evidence of the Convertible Note to Ghaffar," his own allegations confirm that Paulson has fully adhered to the terms of the parties' transaction, Ghaffar has received the benefits of his bargain, and Ghaffar has suffered no actual harm.

Thus, the Complaint could not have been filed for any purpose other than to deflect from the damning evidence of Ghaffar's unlawful schemes by disparaging and demeaning Paulson in the public record and harass Paulson with needless litigation.  Accordingly, the Court should sanction Ghaffar and his counsel under Rule 11 for this reason as well, and award the Paulson Defendants their reasonable expenses, including attorneys' fees, to be established by attorney declaration, incurred in connection with this action.

## **CONCLUSION**

For the foregoing reasons, the Paulson Defendants respectfully request that the Court grant

this motion in its entirety.

Dated: New York, New York
       November 6, 2023

Juan J. Casillas Ayala
CASILLAS SANTIAGO TORRES LLC
*Local Counsel for the Paulson
Defendants*
PO Box 195075
San Juan, Puerto Rico 00919-5075
Tel. 787.523.3434
jcasillas@cstlawpr.com

  /s/ Andrew Urgenson
Terrence A. Oved *(admitted pro hac vice)*
Darren Oved *(admitted pro hac vice)*
Andrew J. Urgenson *(admitted pro hac vice)*
Glen Lenihan *(admitted pro hac vice)*
Andrew L. Kincaid *(pro hac vice
application forthcoming)*
OVED & OVED LLP
*Counsel for the Paulson Defendants*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700
*terry@oved.com*
*darren@oved.com*
*andrew@oved.com*
*glenihan@oved.com*
*akincaid@oved.com*