**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| FAHAD GHAFFAR<br><br>Plaintiff,<br><br>        v.<br><br>JOHN PAULSON, PAULSON PRV HOLDINGS, LLC and J.P. MORGAN TRUST COMPANY OF DELAWARE AS TRUSTEE OF THE PAULSON 2009 FAMILY TRUST.<br><br>Defendants. | Case No.: 23-01455 (CVR) |

**J.P. MORGAN TRUST COMPANY OF DELAWARE'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
**TO DISMISS THE AMENDED COMPLAINT AND STAY ALL PROCEEDINGS**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

FACTUAL BACKGROUND ................................................................................ 3

ARGUMENT ...................................................................................................... 5

I.    The Amended Complaint Fails to Sufficiently Allege the Existence of an
      Agency Relationship Between Mr. Paulson and JPMDE................................... 5

II.   The Amended Complaint Fails to Adequately Allege This Court's
      Personal Jurisdiction Over JPMDE.................................................................. 9

      A.    Plaintiff Fails to Allege General Personal Jurisdiction Over
            JPMDE.................................................................................................... 10

      B.    Plaintiff Fails to Allege Specific Personal Jurisdiction Over
            JPMDE.................................................................................................... 10

            1.    Plaintiff Does Not Sufficiently Allege that JPMDE, Even
                  Through Its Alleged Agent, Engaged in Any Actions in
                  Puerto Rico Related to His Claims. ........................................... 11

            2.    Plaintiff Does Not Allege That His Injury Arises from Any
                  Purposefully Directed Activities by Either JPMDE, or Its
                  Purported Agent, in Puerto Rico................................................ 14

            3.    Plaintiff Does Not Allege Sufficient Facts to Conclude that
                  It Would be Reasonable for this Court to Exercise
                  Jurisdiction Over JPMDE. ....................................................... 15

III.  The Amended Complaint Otherwise Fails to State a Claim Against
      JPMDE.......................................................................................................... 16

      A.    Plaintiff's Claims Against JPMDE Fail Because He Does Not
            Adequately Allege Any Claim Against Mr. Paulson............................. 16

      B.    Plaintiff Still Fails to State a Claim Against JPMDE Even If the
            Claims Against Mr. Paulson Are Found to Be Sufficiently Alleged ....... 17

CONCLUSION ................................................................................................... 20

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                           **Page(s)**

*Alex & Ani, LLC v. Elite Level Consulting, LLC,*
    31 F. Supp. 3d 365 (D.R.I. 2014) ................................................................................. 15

*Amusement Indus., Inc. v. Stern,*
    693 F. Supp. 2d 327 (S.D.N.Y. 2010) .......................................................................... 19

*Berezin v. FCA US, LLC,*
    Civil Action No. 21-10852, 2022 WL 488411 (D. Mass. Feb. 17, 2022) ....................... 17

*Bilek v. Fed. Ins. Co.,*
    8 F.4th 581 (7th Cir. 2021) ........................................................................................... 12

*Bithorn v. Roselló-González,*
    Civil No. 01-2053, 2002 WL 35633563 (D.P.R. Mar. 18, 2002) ...................................... 4

*CMI Cap. Mkt. Inv., LLC v. Municipality of Bayamón,*
    410 F. Supp. 2d 61 (D.P.R. 2006) .................................................................................. 6

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ...................................................................................................... 10

*DeAngelis v. Corzine,*
    17 F. Supp. 3d 270 (S.D.N.Y. 2014) .............................................................................. 7

*Fagot Rodriguez v. Republic of Costa Rica,*
    139 F. Supp. 2d 173 (D.P.R. 2001), *aff'd*, 297 F.3d 1 (1st Cir. 2002) ..................... 18–19

*Feeley v. NHAOCG, LLC,*
    62 A.3d 649 (Del. Ch. 2012) .......................................................................................... 9

*In re Fin. Oversight & Mgmt. Bd.,*
    578 F. Supp. 3d 267 (D.P.R. 2021) ............................................................................... 19

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,*
    141 S. Ct. 1017 (2021) .................................................................................................. 10

*Freeman v. Town of Hudson,*
    714 F.3d 29 (1st Cir. 2013) ............................................................................................. 3

*Frith v. Whole Foods Mkt., Inc.,*
    38 F.4th 263 (1st Cir. 2022) ............................................................................................ 5

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ...................................................................................................... 10

*Green v. Beer*,
    No. 06 Civ. 4156, 2009 WL 911015 (S.D.N.Y. Mar. 31, 2009)........................................ 6–7

*Hanson v. Denckla*,
    357 U.S. 235 (1958).................................................................................................... 12

*Hyundai Emigration Corp. v. Empower-Visa, Inc.*,
    Case No. 09cv124, 2009 WL 10687986 (E.D. Va. June 17, 2009) ...................................... 19

*Kuan Chen v. U.S. Sports Acad., Inc.*,
    956 F.3d 45 (1st Cir. 2020) .......................................................................................10, 11

*M&C Saatchi PR LLP v. Beer Frost, Inc.*,
    16 Civ. 8866, 2019 WL 2717199 (S.D.N.Y. June 28, 2019) ......................................6, 8–9

*Maldonado v. Damas Found.*,
    CIVIL NO. 12-1042, 2015 WL 13264442 (D.P.R. Mar. 24, 2015)...................................... 9

*Martin v. D.B. Martin Co.*,
    88 A. 612 (Del. Ch. 1913) .............................................................................................. 9

*McAleer v. Smith*,
    715 F. Supp. 1153 (D.R.I. 1989)................................................................................ 13–14

*McVickar v. Pavis-Rounds*,
    Civil Action No. 14-13566, 2015 WL 566989 (D. Mass. Feb. 11, 2015)........................... 12

*Mercado v. Hyannis Air Servs., Inc.*,
    Civil No. 20-1228, 2022 WL 16964118 (D.P.R. Nov. 15, 2022)...................................... 10

*Motus, LLC v. CarData Consultants, Inc.*,
    23 F.4th 115 (1st Cir. 2022) ...............................................................................9, 10, 11, 15

*N. Laminate Sales, Inc. v. Davis*,
    403 F.3d 14 (1st Cir. 2005) ...............................................................................9, 11, 14

*Nandjou v. Marriott Int'l, Inc.*,
    985 F.3d 135 (1st Cir. 2021)...............................................................................12, 13

*Nowak v. Tak How Invs., Ltd.*,
    94 F.3d 708 (1st Cir. 1996) .......................................................................................... 14

*Otto Candies, LLC v. KPMG, LLP*,
    C.A. No. 2018-0435, 2020 WL 4917596 (Del. Ch. Aug. 21, 2020)...................................6, 8

*Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*,
    196 F.3d 284 (1st Cir. 1999)...............................................................................9–10, 14

*Popper v. Podhragy,*
    48 F. Supp. 2d 268 (S.D.N.Y. 1998)................................................................ 12

*Precedo Capital Group Inc. v. Twitter Inc.,*
    33 F. Supp. 3d 245 (S.D.N.Y. 2014)............................................................7, 8

*PREP Tours, Inc. v. Am. Youth Soccer Org.,*
    913 F.3d 11 (1st Cir. 2019) ........................................................................... 9

*Ríos-Campbell v. U.S. Dep't of Com.,*
    927 F.3d 21 (1st Cir. 2019) ........................................................................... 5

*Rivera-Crespo v. González-Cruz,*
    Civil No. 13-1004, 2015 WL 1022202 (D.P.R. Mar. 9, 2015)............................. 5

*Rowan v. Pierce,*
    Civil No. 20-1648, 2023 WL 5672575 (D.P.R. Sept. 1, 2023)............................ 6

*Satellite Broad. Cable, Inc. v. Telefonica de España,*
    786 F. Supp. 1089 (D.P.R.), *opinion adhered to as modified on*
    *reconsideration,* 807 F. Supp. 210 (D.P.R. 1992) ............................................. 18

*Sawtelle v. Farrell,*
    70 F.3d 1381 (1st Cir. 1995).......................................................................... 14

*Schneider v. Cate,*
    405 F. Supp. 2d 1254 (D. Colo. 2005) .......................................................... 12

*Sher v. Johnson,*
    911 F.2d 1357 (9th Cir.1990)................................................................... 12–13

*Steen Seijo v. Miller,*
    425 F. Supp. 2d 194 (D.P.R. 2006).........................................................12, 14

*Themis Cap., LLC v. Democratic Republic of Congo,*
    881 F. Supp. 2d 508 (S.D.N.Y. 2012) ............................................................ 6

*Ticketmaster-New York, Inc. v. Alioto,*
    26 F.3d 201 (1st Cir. 1994) ....................................................11–12, 15–16

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,*
    960 F.2d 1080 (1st Cir. 1992)..................................................................11, 14

*In re Walker,*
    726 F.2d 452 (8th Cir. 1984), *abrogated in part by Bartenwerfer v. Buckley,*
    598 U.S. 69 (2023)........................................................................................ 18

*Wenske v. Blue Bell Creameries, Inc.*,
C.A. No. 2017-0699, 2018 WL 5994971 (Del. Ch. Nov. 13, 2018) ................................7, 8

*Windsor I, LLC v. CWCapital Asset Mgmt. LLC*,
C.A. No.: N18C-06-115, 2019 WL 4733430 (Del. Super. Ct. Sept. 27, 2019),
*aff'd*, 238 A.3d 863 (Del. 2020) ........................................................................... 16

*Woods v. Maytag Co.*,
807 F. Supp. 2d 112 (E.D.N.Y. 2011) ........................................................ 17–18

## Statutes, Rules & Regulations

14 P.R. Laws Ann. § 3501 ................................................................................... 9

15 U.S.C. § 78u-4(b)(3)(B) ................................................................................. 1

Fed. R. Civ. P. 9(b) ...................................................................................... 17, 18

Fed. R. Civ. P. 12(b)(2) ................................................................................... 1, 9

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 5

Local Rule 7(f) ................................................................................................... 2

Co-defendant J.P. Morgan Trust Company of Delaware ("***JPMDE***"), as trustee of the 2009 Paulson Family Trust (the "***Trust***"), through counsel, specially appearing and without submitting to the jurisdiction or venue of this Court, respectfully submits this memorandum of law in support of its motion to dismiss the Amended Complaint (D.N. 14, the "***Amended Complaint***"; cited herein as "Am. Compl.") filed by plaintiff Fahad Ghaffar ("***Plaintiff***") pursuant to both Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and to stay all proceedings pending resolution of this motion pursuant to 15 U.S.C. § 78u-4(b)(3)(B).

## PRELIMINARY STATEMENT

The Amended Complaint is devoid of any allegation that JPMDE itself took any action which, on its own, could support any of the seven claims brought against JPMDE. Instead, Plaintiff bases each of these claims upon the same bare legal conclusion—unsupported by any factual allegations—that co-defendant John Paulson ("***Mr. Paulson***") serves as JPMDE's agent, such that JPMDE is vicariously liable for any of Mr. Paulson's purported misdeeds that serve as the basis of the identical seven claims brought against both Mr. Paulson and co-defendant Paulson PRV Holdings, LLC ("***PRV***"). But in the absence of <u>any</u> factual allegations supporting this legal conclusion (much less adequately pleaded factual allegations), Plaintiff fails to state either any claim against JPMDE or any basis for this Court to exert personal jurisdiction over JPMDE. As such, this Court should dismiss JPMDE from this action for the three following independent reasons:

**<u>First</u>**, Plaintiff has offered nothing more than a mere conclusory assertion of a legal conclusion as to the existence of the agency relationship that serves as the sole basis of JPMDE's purported liability for each of the seven claims asserted against it. For this reason alone, the Court should dismiss JPMDE from this action. (*See* Section I, *infra*.)

**Second**, Plaintiff fails to meet his burden to allege any basis for this Court to exert personal jurisdiction—either general or specific—over JPMDE, an out-of-forum corporation. The Amended Complaint does not allege facts from which to conclude that JPMDE engaged in any activity in Puerto Rico, let alone such "continuous and systematic activity" necessary to render it "at home" in Puerto Rico for purposes of general jurisdiction. Similarly, the Amended Complaint offers no factual basis for finding that this Court has specific jurisdiction over JPMDE. Even assuming Plaintiff had adequately pleaded the existence of an agency relationship between Mr. Paulson and JPMDE (he has not), the Amended Complaint still fails to plead sufficient facts to establish each of the three elements this Circuit holds must be present for the exercise of special jurisdiction over an out-of-forum party. Plaintiff, therefore, has not met his pleading burden on personal jurisdiction, and the Court should dismiss JPMDE from this action. (*See* Section II, *infra*.)

**Third**, even assuming for the sake of argument that Plaintiff adequately pleads both agency and personal jurisdiction (he has not), Plaintiff still fails—for two separate reasons—to state a plausible claim for relief as to any one of the seven claims he brings against JPMDE. The Paulson Brief[1] demonstrates that Plaintiff fails to plead any claim against either Mr. Paulson or PRV. Because JPMDE's liability as to each claim asserted against it depends first upon sufficiently pleading the liability of Mr. Paulson or PRV, all claims asserted against JPMDE must also fail. But even if Plaintiff is found to have adequately pleaded his claims against Mr. Paulson and PRV (he has not), he still fails to state a claim against JPMDE due to the insufficient nature of the few allegations involving JPMDE. (*See* Section III.B, *infra*.)

---

[1] Pursuant to Local Rule 7(f) of this District, JPMDE hereby incorporates by reference the Paulson Brief in its entirety, including its arguments in support of a stay of all proceedings pending resolution of the motions to dismiss the Amended Complaint. *See* D.N. 28, Defendant John Paulson's and Paulson PRV Holdings LLC's Memorandum of Law in Support of Their Motion to Dismiss the Amended Complaint and Stay All Proceedings (the "***Paulson Brief***").

## FACTUAL BACKGROUND[2]

Plaintiff claims to be a real estate investor in Puerto Rico who met and began working with Mr. Paulson in 2013. Am. Compl. ¶¶14–15. Mr. Paulson is alleged to be the settlor of the Trust, which is purported to wholly own PRV, a Delaware limited liability company whose managing member is Mr. Paulson. *Id.* ¶¶4, 10. JPMDE is the Trust's sole trustee. *Id.* ¶3.

According to the Amended Complaint, Mr. Paulson made representations that induced Plaintiff in February 2022 to invest nearly $17 million dollars with Mr. Paulson in exchange for the promise of being provided with a so-called "Convertible Note" to be issued by PRV. Am. Compl. ¶¶10–19. Plaintiff asserts that he was never provided with the Convertible Note and, therefore, had no choice but to commence this lawsuit. *Id.* ¶¶19–33. The Amended Complaint asserts seven causes of action, each of which is (1) based solely upon Mr. Paulson's purported actions and (2) brought against either Mr. Paulson or PRV. *Id.* ¶¶34–79. Plaintiff seeks damages he believes to exceed $50 million. *Id.* ¶79.

Plaintiff's sole basis for liability against JPMDE are two bare legal conclusions, with one serving as the only basis for the other. <u>First</u>—pleading on information and belief—Plaintiff concludes that JPMDE is liable because Mr. Paulson was JPMDE's agent:

> Upon information and belief, Defendant J.P. Morgan Trust Company of Delaware is the trustee of a Delaware trust known as the Paulson 2009 Family Trust (the "Trust"), which was settled by Paulson, allegedly for the benefit of his children. Upon information and belief, the Trust owns Defendant PRV Holdings, LLC. At all times relevant hereto Paulson was the agent of JP Morgan Trust Company and acted in the role of managing member of Defendant PRV Holdings, LLC, a Trust asset, with either the actual or apparent authority of the Trust, and thus the Trust is liable for Paulson's misrepresentations and other torts.

---

[2] As is required on a motion to dismiss, the allegations in the Amended Complaint are presumed true for the purposes of this motion only. *Freeman v. Town of Hudson*, 714 F.3d 29, 35 (1st Cir. 2013) (holding that only "[n]on-conclusory factual allegations…. must[] be treated as true").

Am. Compl. ¶3.[3] Second, based entirely upon this first legal conclusion, Plaintiff also concludes that Mr. Paulson served as JPMDE's "agent and delegee by virtue of his status as managing member of PRV, a Trust asset." *Id.* ¶13. JPMDE is not mentioned anywhere else in the Amended Complaint, and Plaintiff does not allege any facts to support either of these legal conclusions. Indeed, there is no single factual allegation that JPMDE took any action that contributed to Plaintiff's investment in the Convertible Note or that JPMDE was even aware that Mr. Paulson and Plaintiff were discussing—much less purportedly consummating—any such investment by Plaintiff.

There is also a complete dearth of allegations related to the alleged basis for an agency relationship between JPMDE and Mr. Paulson in either his personal capacity or "by virtue" of purportedly acting as PRV's managing member. For instance, there are no allegations regarding (1) when the agency was formed, (2) the agency's scope, (3) whether Mr. Paulson understood himself to be acting on JPMDE's behalf and subject to its control, or (4) whether Mr. Paulson himself believes—reasonably or not—that any such relationship exists.

Finally, the Amended Complaint fails to allege any facts about JPMDE's conduct that would place it within the reach of this Court for personal jurisdictional purposes. JPMDE is alleged to be a Delaware entity serving as trustee of a Delaware trust formed by a New York settlor for the benefit of individuals not alleged to reside in Puerto Rico. *See* Am. Compl. ¶¶2, 3, 8. There

---

[3] After apparently realizing that, contrary to the Original Complaint's allegations, Mr. Paulson was not, in fact, a trustee of the Trust, Plaintiff hurriedly amended his pleading to, instead, name as a defendant the Trust's actual trustee, JPMDE. Yet in his haste, he failed to further amend his pleading to remove certain references to the Trust which should, instead, be references to JPMDE as trustee. *See* Am. Compl. ¶¶3, 8, 13, 50–61 (claiming Mr. Paulson was the agent of "the Trust," alleging for purposes of diversity jurisdiction the purported domicile of "the Trust," bringing claims two and three against "the Trust"). But as Plaintiff undoubtedly recognizes based upon his rush to amend his pleading, actions cannot be brought against a trust directly and, instead, must be brought against the trustee. *See Bithorn v. Roselló-González*, Civil No. 01-2053, 2002 WL 35633563, at *10 (D.P.R. Mar. 18, 2002). As such, Plaintiff's claims and allegations against "the Trust" are more properly understood to be asserted against the actual named defendant—JPMDE—as trustee.

are, moreover, no allegations that JPMDE had any contacts with Puerto Rico, much less allegations that JPMDE engaged in systematic and continuous activities in Puerto Rico. Plaintiff further fails to allege that JPMDE knew of, controlled, or directed any of the actions of its purported agent, Mr. Paulson, such that Mr. Paulson's alleged contacts in Puerto Rico serve to confer this Court's jurisdiction over JPMDE. What is more, Plaintiff supports his claim that this Court has "jurisdiction" with only a passing reference to a statute relevant to subject matter jurisdiction, not personal jurisdiction.[4] In sum, these allegations do not support a conclusion that this Court has personal jurisdiction over JPMDE.

## ARGUMENT

**I.     The Amended Complaint Fails to Sufficiently Allege the Existence of an Agency Relationship Between Mr. Paulson and JPMDE.**

A complaint must be dismissed under Rule 12(b)(6) unless it contains "sufficient factual matter to state a claim to relief that is plausible on its face." *Ríos-Campbell v. U.S. Dep't of Com.*, 927 F.3d 21, 24 (1st Cir. 2019) (cleaned up). In so doing, the Court "discard[s] legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action," and thus "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." *Rivera-Crespo v. González-Cruz*, Civil No. 13-1004, 2015 WL 1022202, at *1 (D.P.R. Mar. 9, 2015) (Vélez-Rivé, M.J.) (cleaned up). Moreover, "[a] complaint must possess enough heft to show that the pleader is entitled to relief." *Frith v. Whole Foods Mkt., Inc.*, 38 F.4th 263, 269 (1st Cir. 2022) (internal quotation marks omitted).

---

[4]   The Amended Complaint mistakenly cites to the citizenship of the Trust—a non-party against which an action cannot be maintained—rather than to the citizenship of the newly named defendant—JPMDE as trustee—in support of its allegation that this Court has subject matter jurisdiction based upon the diversity of the parties. Am. Compl. ¶8. Despite this pleading deficiency, Plaintiff nevertheless managed to correctly identify JPMDE's place of citizenship for purposes of diversity jurisdiction, Delaware, when he alleged that same place to be the Trust's domicile: Delaware is both where JPMDE is incorporated and the location of its headquarters.

An agency relationship "results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act." *M&C Saatchi PR LLP v. Beer Frost, Inc.*, 16 Civ. 8866, 2019 WL 2717199, at \*4–5 (S.D.N.Y. June 28, 2019) (finding "mere conclusory assertion of a legal conclusion" as to the existence of an agency relationship, unsupported by any other allegations, insufficient to adequately plead agency under New York law); *e.g.*, *Otto Candies, LLC v. KPMG, LLP*, C.A. No. 2018-0435, 2020 WL 4917596, at \*8 (Del. Ch. Aug. 21, 2020) (motion to dismiss appropriate under Delaware law where only "conclusory and insufficient allegations" asserted as to agency's existence); *CMI Cap. Mkt. Inv., LLC v. Municipality of Bayamón*, 410 F. Supp. 2d 61, 74–75 (D.P.R. 2006) (complaint, which lacked any allegations as to actions taken by purported principal, held to be "devoid of any fact which could even remotely suggest" the existence of any agency relationship under Puerto Rico law).[5] The authority to act for a principal may be actual or apparent. *M&C Saatchi*, 2019 WL 2717199, at \*4–5; *Otto Candies*, 2020 WL 4917596, at \*8; *CMI*, 410 F. Supp. 2d at 75.

Actual authority centers on the principal's conduct and whether it causes the purported agent to reasonably believe that the principal wanted the agent to act on his account and subject to his control. *Green v. Beer*, No. 06 Civ. 4156, 2009 WL 911015, at \*10–11 (S.D.N.Y. Mar. 31, 2009) (dismissing agency claim on a motion to dismiss where plaintiffs failed to allege

---

[5]  The Amended Complaint does not assert which jurisdiction's agency law should apply to the agency allegations. In the absence of any such assertion and based solely upon Plaintiff's (inadequately pleaded) citizenship allegations as to each Party, we assume it to be equally likely that the agency law of each Party's alleged place of citizenship— Delaware, New York and Puerto Rico—could apply to the agency allegations. (*See* Factual Background, *supra*.) This assumption is only for purposes of this Motion and is not an admission that any of these jurisdiction's agency laws control. Given that, and only for the instant purpose of determining whether, on a motion to dismiss, agency has been sufficiently alleged, these three jurisdiction's agency laws have no material differences, and JPMDE's agency analysis remains valid regardless of which jurisdiction's laws are applied. *See, e.g.*, *Otto Candies*, 2020 WL 4917596, at \*8–17 (applying both New York and Delaware law to the same agency claims and finding under both that plaintiffs failed to adequately plead agency because they did not allege facts sufficient to infer that alleged principal controlled purported agent); *see also Rowan v. Pierce*, Civil No. 20-1648, 2023 WL 5672575, at \*10–12 (D.P.R. Sept. 1, 2023) (defining actual and apparent authority the same way courts applying New York or Delaware law have); *Themis Cap., LLC v. Democratic Republic of Congo*, 881 F. Supp. 2d 508, 520–23 (S.D.N.Y. 2012) (analyzing actual and apparent authority in a manner consistent with courts applying Delaware or Puerto Rico law).

any facts from which the Court could infer that the purported principal controlled the alleged agent's fraudulent actions); *Wenske v. Blue Bell Creameries, Inc.*, C.A. No. 2017-0699, 2018 WL 5994971, at *5 (Del. Ch. Nov. 13, 2018) (complaint failed to plead any facts to support a reasonable belief that alleged principal directed the purported agent to enter into the contract on the principal's behalf or to commit the principal to other obligations). Apparent authority, however, focuses on whether the principal's conduct could cause a third party to reasonably believe an agency relationship exists. *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 286 (S.D.N.Y. 2014) (dismissing agency allegations where complaint failed to describe any communication by alleged principal that would cause a third party to reasonably conclude that there was an agency relationship).

The Amended Complaint is devoid of allegations as to *any* actions taken by JPMDE that could justify any kind of belief—much less a reasonable one—by either Mr. Paulson or Plaintiff in the existence of the purported agency relationship. (*See* Factual Background, *supra*.) New York and Delaware courts have dismissed similarly threadbare claims on a motion to dismiss. In *Precedo Capital Group Inc. v. Twitter Inc.*, for instance, the district court held that allegations that the defendant's purported agent (1) used the same law firm as the defendant, (2) had access to the defendant's confidential information, and (3) represented that it was an approved buyer of the defendant's stock were insufficient to hold the defendant liable for the allegedly fraudulent conduct of its purported agent, who was alleged to be acting only with apparent authority. 33 F. Supp. 3d 245, 249–51, 255–57 (S.D.N.Y. 2014). The district court then noted that the plaintiffs did not allege that they ever even spoke with or otherwise interacted with defendants, *id.* at 255–56, and, as such, the plaintiff failed to adequately allege they "reasonably believed" that defendants charged the purported agent to act on its behalf. *Id*. at 256.

Similarly, in *Wenske*, the Delaware Court of Chancery dismissed the plaintiffs' contract claim against the defendant, which was based on the conduct of a "so-called" agent, after finding that the plaintiffs pleaded no facts to support a reasonable inference that the alleged agent had the authority to bind the defendant. 2018 WL 5994971, at *5. The court's decision was motivated by the lack of any allegations that the defendant (1) was a party to the contract, (2) had obligations that emanated from the contract, or (3) explicitly directed the purported agent to bind the defendant through contract. *Id*. In *Otto Candies*, the Court of Chancery also dismissed contract claims based on an agency theory because the plaintiffs did not allege that the defendant had control over the "wrongdoing at issue." 2020 WL 4917596, at *12–14.

The Amended Complaint suffers from the same failings that plagued the plaintiffs in *Precedo Capital*, *Wenske*, and *Otto Candies*—Plaintiff does not allege facts sufficient to support his belief that JPMDE authorized Mr. Paulson to act on its behalf. Plaintiff does not identify a contract or similar instrument whereby Mr. Paulson accepted to be bound by and subject to the control of JPMDE. There are no allegations in the Amended Complaint that Plaintiff observed or experienced JPMDE directing or controlling any of Mr. Paulson's actions with respect to the Convertible Note transaction. Nor does Plaintiff assert that he ever spoke with anyone at JPMDE that caused him to reasonably conclude that Mr. Paulson acted on JMPDE's behalf.

Without such allegations, Plaintiff has offered nothing more than a "mere conclusory assertion of a legal conclusion" as to the existence of the agency relationship that serves as the sole basis of JPMDE's purported liability for each of the seven claims asserted against it, and, as such, the court should dismiss JPMDE from this action. *M&C Saatchi*, 2019 WL 2717199, at *5–6 (dismissing claims based upon an agency relationship because plaintiff (1) failed to allege a single fact that would suggest to the plaintiff that the principal provided authority to the agent to enter

into any agreements on the principal's behalf and (2) provided no examples of communications between the principal and the agent from which to infer a relationship).[6]

## II.   The Amended Complaint Fails to Adequately Allege This Court's Personal Jurisdiction Over JPMDE.

A complaint will not survive a motion to dismiss for personal jurisdiction under Rule 12(b)(2) unless a plaintiff "proffer[s] facts that, if credited, would support all facts essential to personal jurisdiction." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121 (1st Cir. 2022) (internal quotations omitted). It is the plaintiff's burden to "adduce evidence of specific facts" required to support a finding that the district court has either general or specific jurisdiction over the defendant. *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 16 (1st Cir. 2019); *see also N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 24 (1st Cir. 2005). "[A] defendant who has maintained a continuous and systematic linkage with the forum state brings himself within the general jurisdiction of that state's courts in respect to all matters, even those that are unrelated to the defendant's contacts with the forum." *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196

---

[6] Plaintiff's second legal conclusion—that Mr. Paulson served as JPMDE's "agent and delegee by virtue of his status as managing member of PRV, a Trust asset" (Am. Compl. ¶3)—is entirely derivative of his first legal conclusion that Mr. Paulson served in his personal capacity as agent of JPMDE as trustee of the Trust. (*See* Factual Background, *supra*.) While difficult to follow whatever "logic" leads Plaintiff to this second legal conclusion, it appears that logic is as follows: the purported existence of an agency relationship between Mr. Paulson (in his personal capacity) and JPMDE (as trustee of the Trust) results, as a matter of law and even in the absence of any factual support, in an automatic finding that any actions Mr. Paulson took in his capacity as a managing member of any entity owned by the Trust—such as PRV—were, de facto, actions taken in service of JPMDE. As set forth above, however, Plaintiff fails to sufficiently allege the existence of any agency relationship between Mr. Paulson and JPMDE, thus dooming any legal conclusions based thereon. And, certainly, the laws of corporate separateness do not otherwise permit Plaintiff to otherwise disregard distinct corporate forms and treat JPMDE and PRV as one in the same. *See, e.g.*, *Feeley v. NHAOCG, LLC*, 62 A.3d 649, 667 (Del. Ch. 2012) ("[T]he separate legal existence of juridical entities is fundamental to Delaware law. Delaware law likewise respects the correlative principle of limited liability, which generally enables those who form entities to limit their risk to the amount of their investment in the entity."); *Martin v. D.B. Martin Co.*, 88 A. 612, 616 (Del. Ch. 1913) ("The fact that the stockholders of two corporations, or the greater number thereof, are the same persons, does not operate to destroy the legal identity of either corporation. Nor does the fact that the one corporation exercises a controlling influence over the other, through ownership of its stock, or through the identity of its stockholders, operate to make either the agent of the other, or to merge the two corporations into one."); *Maldonado v. Damas Found.*, CIVIL NO. 12-1042, 2015 WL 13264442, at *8 (D.P.R. Mar. 24, 2015) ("Under Puerto Rico law, there is a presumption that corporations are legal entities separate from their directors, officers, and shareholders.") (citing 14 P.R. Laws Ann. § 3501).

F.3d 284, 288 (1st Cir. 1999). In the absence of general jurisdiction, "a court still may hear a particular case if that case relates sufficiently to, or arises from, a significant subset of contacts between the defendant and the forum." *Id*.

A.    **Plaintiff Fails to Allege General Personal Jurisdiction Over JPMDE.**

As to corporations such as JPMDE, general jurisdiction "exists when the defendant's contacts with the forum state are so extensive that it is essentially 'at home' in that state and may be sued there for 'any and all claims.'" *Motus*, 23 F.4th at 122 n.3 (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011))). The focus of the general jurisdiction analysis

> is not merely whether an out-of-forum corporation's in-forum contacts can be said to be in some sense continuous and systematic. Instead, the lodestar of the inquiry is whether the corporation's general business contacts with the forum are sufficiently continuous and systematic as to render it essentially at home in the forum State.

*Kuan Chen v. U.S. Sports Acad., Inc.*, 956 F.3d 45, 57 (1st Cir. 2020) (cleaned up) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (quoting *Goodyear*, 564 U.S. at 919)).

The Amended Complaint does not allege facts from which to conclude that JPMDE engaged in any activity in Puerto Rico, let alone such "continuous and systematic activity" necessary to render it "at home" in Puerto Rico. (*See* Factual Background, *supra*.) Plaintiff, therefore, offers no basis for this Court to exercise general jurisdiction over JPMDE. *Mercado v. Hyannis Air Servs., Inc.*, Civil No. 20-1228, 2022 WL 16964118, at *6 (D.P.R. Nov. 15, 2022) (Vélez-Rivé, M.J.) (no general jurisdiction over out-of-forum corporation alleged where "Plaintiff can point to nothing in the Second Amended Complaint to evidence any intent by Textron to establish the systematic ties with Puerto Rico that the caselaw requires").

B.    **Plaintiff Fails to Allege Specific Personal Jurisdiction Over JPMDE.**

The First Circuit divides the specific jurisdiction question into three inquiries:

> First, the plaintiff's claim must directly arise from or relate to the defendant's activities in the forum. Second, the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in that state. Finally, the exercise of specific jurisdiction in the forum must be reasonable under the circumstances. The plaintiff must carry the devoir of persuasion on all three of these elements, and the plaintiff's failure as to any one of them defenestrates its claim of specific jurisdiction.

*Motus*, 23 F.4th at 122 (cleaned up) (citing *Kuan Chen*, 956 F.3d at 59) (other citations omitted). Plaintiff's threadbare Amended Complaint offers no basis for finding that this Court has specific jurisdiction over JPMDE and, as such, should be dismissed with prejudice.

It cannot be disputed that the Amended Complaint is devoid of even one factual allegation that JPMDE took any action in relation to Plaintiff's investment in the Convertible Note, much less that it took any such action in Puerto Rico. (*See* Factual Background, *supra.*) Moreover, the Amended Complaint does not contain any allegation that JPMDE was even *aware* of either Plaintiff's investment or Mr. Paulson's purported Puerto Rico actions in relation thereto. *Id.* To the extent Plaintiff claims that Mr. Paulson's contacts can be imputed to JPMDE in an effort to establish this Court's specific jurisdiction over JPMDE, that too must fail. First, the utter inadequacy of the agency allegations (*see* Section I, *supra*) means that Mr. Paulson's actions cannot be imputed to JPMDE for purpose of specific jurisdiction. But even if there were an adequately alleged agency relationship (there is not), the Amended Complaint does not contain the type of allegations that would support a finding of personal jurisdiction over JPMDE.

### 1. Plaintiff Does Not Sufficiently Allege that JPMDE, Even Through Its Alleged Agent, Engaged in Any Actions in Puerto Rico Related to His Claims.

The first prong of the special jurisdiction inquiry—"relatedness"—asks whether "the claim underlying the litigation . . . directly arise[s] out of, or relate[s] to, the defendant's forum-state activities." *N. Laminate Sales*, 403 F.3d at 25 (quoting *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992)). It "focuses on the nexus

between the defendant's contacts and the plaintiff's cause of action." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir. 1994). Federal courts have dismissed claims against a trustee for lack of personal jurisdiction where the plaintiff fails to plead a connection between the defendant's alleged wrongdoing and the forum state. *Compare Hanson v. Denckla*, 357 U.S. 235, 251 (1958) (finding no minimal contacts because "[n]one of the trust assets has ever been held or administered in Florida" despite the fact that the trust's settlor lived there, had executed powers of appointment there, and the trustee had remitted trust income to the settlor in Florida) *with Steen Seijo v. Miller*, 425 F. Supp. 2d 194, 199–200 (D.P.R. 2006) (finding relatedness because claim focused on trustee's failure to disburse money to trust beneficiary residing in Puerto Rico).

Here, Plaintiff does not allege that JPMDE engaged in *any* conduct in Puerto Rico, and certainly none that give rise to his claims. It is not enough that Plaintiff, as he claims, suffered any alleged harm in Puerto Rico. *See, e.g.*, *McVickar v. Pavis-Rounds*, Civil Action No. 14-13566, 2015 WL 566989, at *2 (D. Mass. Feb. 11, 2015); *Schneider v. Cate*, 405 F. Supp. 2d 1254, 1263–64 (D. Colo. 2005); *Popper v. Podhragy*, 48 F. Supp. 2d 268, 273–74 (S.D.N.Y. 1998).

Moreover, even assuming they are sufficient to allege agency, the Amended Complaint's allegations regarding Mr. Paulson's conduct as JPMDE's purported agent are too deficient to give this Court specific jurisdiction over JPMDE. *Nandjou v. Marriott Int'l, Inc.*, 985 F.3d 135, 151–53 (1st Cir. 2021). To impute an agent's actions to a principal there must be substantive, factual allegations that are sufficient to conclude that the agent's actions were done within the jurisdiction and on the behalf of and for the benefit of the principal. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 590–91 (7th Cir. 2021) (allegations that defendant (1) controlled agents' alleged wrongdoing in the jurisdiction through contract and (2) participated in at-issue telemarking activities in the jurisdiction sufficient to confer personal jurisdiction over defendant); *Sher v. Johnson*, 911 F.2d

1357, 1362–64 (9th Cir.1990) (the three trips defendant (an attorney) took to California in connection with his legal representation of a matter emanating from Florida were initially found to be too attenuated to create a substantial connection with California for purposes of personal jurisdiction until considered in connection with a separate, significant contact with California—a deed of trust executed in favor of defendant that encumbered plaintiff's California home).

*Marriott* is instructive. This action was brought by a woman whose husband and two-year-old son died in a hotel pool that was owned or operated by defendants Marriott International, Inc., Marriott Worldwide Corporation, and Reluxicorp, Inc., a Marriott franchisee in Montreal. Reluxicorp moved to dismiss for lack of personal jurisdiction, arguing that the activities of its agents, the Marriott defendants, could not be attributed to it for the purpose of personal jurisdiction. 985 F.3d at 138–39, 150. In finding that the "relatedness requirement" had been met, the court relied on detailed factual allegations showing that the agent's actions were taken on behalf of the principal and with the principal and plaintiffs' knowledge. For example, the court relied on allegations that: (1) the Marriott defendants conducted Reluxicorp's direct-mail marketing campaign pursuant to a franchise agreement in the forum state; (2) the plaintiff and her family understood the marketing to be on behalf of Reluxicorp's Montreal-based property; (3) Reluxicorp's conduct led to that understanding because it described its property as a "Marriott property" and (4) the plaintiff and her family booked a stay at Reluxicorp's hotel due to the agent's engagement with them and their belief they were staying at a Marriott property. *Id*. at 151–52.

Here, the Amended Complaint is devoid of similar substantive, factual allegations, which are necessary to conclude that Plaintiff's claims arise out of Mr. Paulson's activities on *JPMDE's* behalf in this jurisdiction. *See McAleer v. Smith*, 715 F. Supp. 1153, 1159–60 (D.R.I. 1989) (finding that district court had specific jurisdiction over principals because their agents were both

(1) known to handle principal's distribution in the United States, including the forum, and (2) contractually required to solicit and supervise employees in the jurisdiction).

### 2. Plaintiff Does Not Allege That His Injury Arises from Any Purposefully Directed Activities by Either JPMDE, or Its Purported Agent, in Puerto Rico.

The second prong of the special jurisdiction inquiry—"purposeful availment"—scrutinizes whether a defendant's in-state contacts represented an intent to avail the defendant of the privilege of "conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *N. Laminate Sales*, 403 F.3d at 25 (quoting *United Elec.*, 960 F.2d at 1089). The focus of this inquiry is on "voluntariness and foreseeability." *Id.* (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995)). "[T]he defendant's contacts with the forum state must be such that he should reasonably anticipate being haled into court there." *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 716 (1st Cir. 1996). And purposeful availment requires more than formulaic allegations about the defendant's physical presence in or contact with the forum state. *Steen Seijo*, 425 F. Supp. 2d at 200; *see also Phillips Exeter Acad.*, 196 F.3d at 292 ("[T]o make a prima facie showing of purposeful availment, it is not enough to prove that a defendant agreed to act as the trustee of a trust that benefitted a resident of the forum state.").

Here, Plaintiff does not allege *any* facts—let alone non-formulaic ones—to support the conclusion that JPMDE purposefully availed itself of any of the privileges of conducting business in Puerto Rico. As the Amended Complaint itself (however inarticulately) concedes, JPMDE is a Delaware trust company that administers a Delaware trust for the benefit of people that reside outside of Puerto Rico. (*See* Factual Background, *supra*.) Absolutely nothing is alleged as to JPMDE's conduct, much less its conduct in Puerto Rico, and, as such, the Amended Complaint

offers no support to any conclusion that JPMDE would reasonably anticipate being haled into court in Puerto Rico.

Plaintiff's allegations about Mr. Paulson, JPMDE's purported agent, are also insufficient to establish that JPMDE purposefully availed itself of this jurisdiction. *Alex & Ani, LLC v. Elite Level Consulting, LLC* reveals the level of detail needed to satisfy the "purposeful availment" requirement through the conduct of an agent. 31 F. Supp. 3d 365, 375–76 (D.R.I. 2014). There, the district court refused to dismiss the defendants for lack of specific jurisdiction based on allegations that they orchestrated fraud through agents and sub-agents who completed multiple business transactions with the plaintiff in the forum state and engaged in other activity in that jurisdiction in furtherance of the defendants' plot. *Id.* at 369–70, 374–76. But here, Plaintiff does not even assert that JPMDE was aware of Mr. Paulson's at-issue activities in this jurisdiction, let alone that it directed them. (*See* Factual Background, *supra.*) In fact, the Amended Complaint offers no factual support for finding that JPMDE, through Mr. Paulson's actions, purposefully availed itself of this jurisdiction in connection with Plaintiff's investment in the Convertible Note. Thus, the Amended Complaint also fails the second prong of the specific jurisdiction inquiry.

### 3. Plaintiff Does Not Allege Sufficient Facts to Conclude that It Would be Reasonable for this Court to Exercise Jurisdiction Over JPMDE.

Even assuming JPMDE's contacts with Puerto Rico were sufficient to establish the first two prongs of specific jurisdiction (which they are not), Plaintiff must still satisfy the third prong of the specific jurisdiction inquiry—"reasonableness"—which asks whether the exercise of specific jurisdiction in the forum would be reasonable under the circumstances. *Motus*, 23 F.4th at 122. That prong also weighs in favor of dismissing claims against JPMDE for lack of specific jurisdiction.

The First Circuit considers five "gestalt factors" to assess the reasonableness of a court's

exercise of jurisdiction: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the efficient resolution of controversies as between states, and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Ticketmaster-New York*, 26 F.3d at 209.

Plaintiff does not allege that JPMDE has any contacts with Puerto Rico. (*See* Factual Background, *supra*.) And even as to the at-issue actions taken by Mr. Paulson in Puerto Rico, Plaintiff fails to allege that JPMDE played any role in the Convertible Note transaction or was otherwise aware of it. (*See id.*) It would, thus, both be unreasonable and offend the principles of fundamental fairness for Puerto Rico to haul JPMDE into this jurisdiction.

## III.    The Amended Complaint Otherwise Fails to State a Claim Against JPMDE

### A.    Plaintiff's Claims Against JPMDE Fail Because He Does Not Adequately Allege Any Claim Against Mr. Paulson.

Assuming, for the sake of argument, that Plaintiff has adequately pleaded both agency and personal jurisdiction (he has not), Plaintiff must still adequately allege each of the seven claims as against JPMDE in accordance with the relevant pleading standard. Because, as Plaintiff admits, JPMDE's liability is based solely on Mr. Paulson's purported actions (*see* Factual Background, *supra*), Plaintiff's claims against JPMDE are adequately pleaded only to the degree they are also adequately pleaded as to Mr. Paulson (or PRV). *See Windsor I, LLC v. CWCapital Asset Mgmt. LLC*, C.A. No.: N18C-06-115, 2019 WL 4733430, at *4–5 (Del. Super. Ct. Sept. 27, 2019), *aff'd*, 238 A.3d 863 (Del. 2020) (granting a motion to dismiss against an agent before stating that "the release of an agent automatically releases the principal under the common law" agency principles (cleaned up)).

As ably set forth in the Paulson Brief, Plaintiff fails to adequately state any of the seven claims against Mr. Paulson or PRV. Consequently, Plaintiff also fails to state a claim against JPMDE.

**B.     Plaintiff Still Fails to State a Claim Against JPMDE Even If the Claims Against Mr. Paulson Are Found to Be Sufficiently Alleged**

Even assuming that Plaintiff adequately alleged (1) the existence of an agency relationship between JPMDE and Mr. Paulson, (2) that this Court has personal jurisdiction over JPMDE in Puerto Rico, and (3) every claim against Paulson and PRV (he has not), Plaintiff still fails, as set forth below, to sufficiently plead any claim against JPMDE, which must therefore be dismissed from this action.

**Fraud Claims**. Plaintiff fails to adequately allege any of the four Fraud Claims[7] for two separate reasons. *First*, he fails to plead the agency relationship with the particularity required by Rule 9(b) where, as here, such a relationship is "an integral element of an alleged fraud." *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 121 (E.D.N.Y. 2011); *Berezin v. FCA US, LLC*, Civil Action No. 21-10852, 2022 WL 488411, at *5 (D. Mass. Feb. 17, 2022) (holding, on a motion to dismiss, that a complaint which "offer[ed] only the conclusory assertion that [defendant] was an 'authorized agent' of" the principal insufficient to allege an agency relationship—an integral element of the fraud alleged—under Rule 9(b)'s heightened pleading standard). In *Woods*, plaintiff was unable to meet Rule 9(b)'s pleading standard because the complaint was "wholly lacking any facts" from which to reasonably infer an agency relationship between the alleged principals and the agent. *Woods*, 807 F. Supp. 2d at 121. That court found that the "mere fact" that the agent sold a product manufactured and distributed by the principals "does not plausibly support a finding that [the

---

[7] The "***Fraud Claims***" are Claims 1 (Federal Securities Fraud), 4 (Dolus/Fraud), 5 (Bad Faith), and 6 (Puerto Rico Securities Fraud).

agent] was acting" on behalf of the principals and, as such, the agent's alleged misrepresentations could not be attributed to the principals. *Id.* Similarly, here, Plaintiff's conclusory declarations about the existence of an agency relationship between JPMDE and Mr. Paulson—unsupported by any other factual allegations—cannot, under Rule 9(b), support a finding that Mr. Paulson acted as JPMDE's agent. Thus, Mr. Paulson's alleged misrepresentations cannot be attributed to JPMDE, which, as a result, must be dismissed from the Fraud Claims.

*Second*, "more than the mere existence of an agent-principal relationship is required to charge the agent's fraud to the principal." *In re Walker*, 726 F.2d 452, 454 (8th Cir. 1984) (principal cannot be held liable for agent's fraud unless he is shown to either (1) have actual or constructive knowledge of his agent's alleged fraud or (2) exhibit reckless indifference to his agent's acts), *abrogated in part by Bartenwerfer v. Buckley*, 598 U.S. 69 (2023). Assuming Plaintiff properly pleaded an agency relationship (he did not), it is indisputable that Plaintiff alleges no facts that JPMDE either knew or should have known about Mr. Paulson's alleged fraud or exhibited reckless indifference to Mr. Paulson's acts. As such, Mr. Paulson's alleged fraud cannot be charged to JPMDE and, once again, the Court must dismiss JPMDE from the Fraud Claims.

**Breach of Contract**: The Amended Complaint's breach of contract claim against JPMDE also fails because under Puerto Rico law, contractual obligations cannot be enforced against an undisclosed principal, only *disclosed principals*. *See Satellite Broad. Cable, Inc. v. Telefonica de España*, 786 F. Supp. 1089, 1103 (D.P.R.), *opinion adhered to as modified on reconsideration*, 807 F. Supp. 210 (D.P.R. 1992) ("[I]n the case of undisclosed agencies, the agent is solely liable for contracts with third persons and therefore only [agent] is liable to plaintiffs."); *Fagot Rodriguez v. Republic of Costa Rica*, 139 F. Supp. 2d 173, 178 (D.P.R. 2001) ("Puerto Rican law protects undisclosed principals from joint and several liability for their agents' actions."), *aff'd*,

297 F.3d 1 (1st Cir. 2002). Indeed, none of Plaintiff's allegations support even an inference that at the time he entered into the alleged agreement concerning the Convertible Note, he knew that JPMDE was the principal on whose behalf Mr. Paulson purportedly acted. As a result, the Amendment Complaint can only be understood to allege that JPMDE was, at all relevant times, an *undisclosed principal* to Plaintiff. Given the law in this jurisdiction, even assuming agency has been adequately pleaded (it has not), the court must dismiss the "undisclosed principal," JPMDE, from the breach of contract claim.

**Unjust Enrichment and Constructive Trust**. Finally, Plaintiff fails to adequately plead his unjust enrichment claim as to JPMDE because he does not allege that JPMDE received a benefit from—let alone was enriched by—the Convertible Note transaction. Absent clear allegations that JPMDE benefited in any way, unjustly or not, from the "enrichment" in question, the unjust enrichment claim must be dismissed. *Hyundai Emigration Corp. v. Empower-Visa, Inc.*, Case No. 09cv124, 2009 WL 10687986, at *7 (E.D. Va. June 17, 2009) ("enrichment" element of unjust enrichment doctrine requires plaintiff to plead the conferment of a benefit on the defendant); *see In re Fin. Oversight & Mgmt. Bd.*, 578 F. Supp. 3d 267, 296 (D.P.R. 2021) ("existence of enrichment" is one of five elements of Puerto Rico's unjust enrichment doctrine). Plaintiff's claim for a constructive trust must similarly be dismissed because it is a remedy for the unjust enrichment claim, which also fails. *See Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 327, 357 (S.D.N.Y. 2010) ("In other words, the trust is simply a remedy for recovery should a plaintiff's claim for unjust enrichment prevail.").

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, JPMDE respectfully requests that this Court grant this motion in its entirety.

**RESPECTFULLY SUBMITTED.**

**WE HEREBY CERTIFY** that on this same date we presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send electronic notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 8th day of December, 2023.

**ANTONETTI MONTALVO & RAMIREZ COLL**
P.O. Box 13128
San Juan, PR 00908
Tel: (787) 977-0303
Fax: (787) 977-0323

**s/ Jose L. Ramirez- Coll**
JOSE L. RAMIREZ-COLL
USDC-PR No. 221702
jramirez@amrclaw.com

**s/ Carolina V. Cabrera Bou**
CAROLINA V. CABRERA BOU
USDC-PR No. 305710
ccabrera@amrclaw.com

**FAEGRE DRINKER BIDDLE & REATH LLP**

Oderah C. Nwaeze (*pro hac vice*)
Emmanuel L. Brown (*pro hac vice*)
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: (215) 988-1172
oderah.nwaeze@faegredrinker.com
emmanuel.brown@faegredrinker.com

*Counsel for Defendant J.P. Morgan Trust
Company of Delaware*