UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FAHAD GHAFFAR

                        Plaintiff,

                -against-

JOHN PAULSON, PAULSON PRV HOLDINGS, LLC, and J.P. MORGAN TRUST COMPANY OF DELAWARE AS TRUSTEE OF THE PAULSON 2009 FAMILY TRUST,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No: 3:23-cv-01455(CVR)

### PLAINTIFF'S [PROPOSED] MEMORANDUM IN RESPONSE TO THE PAULSON DEFENDANTS' SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF

Plaintiff Fahad Ghaffar ("Plaintiff" or "Ghaffar"), by and through his undersigned attorneys, respectfully submits the following Memorandum of Law in Response to the Paulson Defendants' supplemental filing in support of their motion for sanctions.

### PRELIMINARY STATEMENT

On December 18, 2023, Defendants John Paulson and Paulson PRV Holdings, LLC (the "Paulson Defendants") filed a "Motion for Leave to File Document Supplementing Motion for Sanctions" (the "Motion to Supplement"). The Court apparently granted the Motion to Supplement within minutes after its filing, and accordingly Plaintiff was not afforded an opportunity to respond to the Motion. The Motion to Supplement is predicated on a letter dated December 8, 2023 from Plaintiff's counsel, Martin Russo, sent on behalf of PCI DE LLC, and filed as Exhibit 1 to the Motion to Supplement, which Defendants seek to use as evidence in further support of their motion for sanctions. Defendants' argument focuses on a portion of a sentence in Plaintiff's Memorandum in Opposition to the Paulson Defendants' Motion to Dismiss ("Opp.

1

Mem") (ECF No. 59), which Defendants distort and misstate, while ignoring the fundamental validity of the substantive allegations as pled in the Amended Complaint and further set forth in the Opp. Mem., *i.e.*, that the draft, redlined note provided to Ghaffar in June 2022 sought to alter the structure of the investment as represented to Ghaffar and agreed by the parties months earlier. Accordingly, Ghaffar should be permitted to respond to the contrived and misleading arguments in the Paulson Defendants' Motion to Supplement.

As set forth below, the Motion to Supplement is a continuation of Defendants' tawdry tactic of seeking sanctions against Ghaffar and his attorneys based on twisting a phrase, this time in the Opp. Mem., while improperly using the sanctions motion as a stealth motion to dismiss by seeking to attack the evidentiary sufficiency of the Amended Complaint. This type of dirty pool should be rejected.

## ARGUMENT

**I.    THE PAULSON DEFENDANTS IMPROPERLY SEEK TO CONTINUE ARGUING THEIR MOTION TO DISMISS**

The Paulson Defendants' Motion to Supplement is yet another, improper permutation of their Motion to Dismiss. Defendants again assert highly disputed factual contentions, arguing that the provisions of a heavily marked up, unsigned draft note rebut the central allegations of the Amended Complaint, *i.e.*, that in exchange for his nearly $17 million investment made in February 2022, Ghaffar was promised a convertible promissory note (the "Convertible Note"), issued by PRV, and providing for the outstanding amount to convert into an Equity Interest in F40 LLC ("F40"), but that the Paulson Defendants failed to ever deliver the Convertible Note.[1] Recognizing

---

[1] As explained in Ghaffar's Memorandum in Opposition to the Motion for Sanctions, arguing the evidentiary sufficiency of a complaint by pinpricking a phrase in a brief is highly improper on a motion for sanctions. ECF No. 68, at 6-8.

the utter futility of their argument at the motion to dismiss stage, the Paulson Defendants have resorted to seeking to parse a phrase in the Amended Complaint as the basis for their Sanctions Motion, and now go after part of a sentence in the Opp. Mem.

As detailed below, Defendants' Motion to Supplement grossly mischaracterizes that sentence in several respects, which in sum and substance is consistent with the allegations of the Amended Complaint.

## II.   THE PAULSON DEFENDANTS GROSSLY MISCHARACTERIZE GHAFFAR'S MEMORANDUM IN OPPOSITION

The Motion to Supplement continues to advance the specious argument that Ghaffar received the Convertible Note, as opposed to a non-conforming and altered draft, by grossly mischaracterizing the clause in the Opp. Mem.  Initially, the Motion to Supplement claims that the Opp. Mem. misrepresented that Ghaffar "never heard of PCI DE LLC," but that is a distortion of the actual text.  Thus, the text states that "the non-conforming draft note did not include the profit interest to be included with the Convertible Note," a statement which Defendants do not dispute, and then goes on to state that "[i]t also introduced a new entity, unfamiliar to Ghaffar, identified only as an unnamed "New Company" *or* as PCI DE LLC, in which Ghaffar had not agreed to invest."  ECF No. 59 (Opp. Mem.), at 6. (emphasis added).

In fact, PCI DE LLC was not part of the original investment structure, having been formed subsequently in April 2022, and the company that received Ghaffar's investment was Defendant PRV.  However, the particularly salient point for these purposes is that the "New Company" intended to be referenced in that sentence was PCI Delaware LLC, *not* PCI DE LLC.  These are two separate entities, and it is apparent from the draft note proffered by Defendants (ECF No. 28-2) that the intention in that sentence in the Opp. Mem. was to refer to PCI Delaware LLC.  Thus, in the mark-up of the draft note, "New Company" is crossed out in both the title of the document

and first line and replaced with "PCI Delaware LLC" as the newly-identified company issuing the note.[2] It is undisputed that PCI Delaware LLC, as opposed to PCI DE LLC, is a Paulson-owned entity and Ghaffar had not agreed to invest in PCI Delaware LLC. Moreover, it must have been apparent to Defendants' counsel that the "New Company" referenced in the draft note and that is the subject of the sentence in question was PCI Delaware LLC, not PCI DE LLC. Yet the Paulson Defendants proceeded to file the Motion to Supplement in an unseemly attempt to seek sanctions by capitalizing on a transcription error as a result of the close similarity in the names of the two different entities.

In addition, not only is that particular sentence accurate, as the Defendants try to make much ado out of the inadvertent reference to PCI DE LLC instead of PCI Delaware LLC, but importantly, the substance of the argument holds true and is consistent with the allegations of the Amended Complaint. Thus, the draft note did not conform to the terms of the Convertible Note as represented to Ghaffar, but instead reflects a significantly more complex and convoluted structure that is at odds with the transaction alleged in the Amended Complaint. Under this very different and extremely complicated proposed structure, the note was to be issued by the new holding company, namely, PCI Delaware LLC, rather than PRV. PCI Delaware LLC would then own 50% of PCI DE LLC, a separate U.S. holding company, with the other 50% to be owned by an entity owned by Ghaffar, notwithstanding that Ghaffar had been promised a 50% equity interest in F40 and V12 LLC. In other words, under the bait and switch terms of the non-conforming note, in return for his $16,705,000 investment, Ghaffar was apparently being offered a 50% interest in an empty holding company, which ultimately and at some indefinite future time could serve as the

---

[2] *See also* June 13, 2022 e-mail filed by Defendants as an exhibit in support of the Motion to Dismiss: "as discussed with Lebin, the ownership structure for (i) F40 LLC; and (ii) V12 LLC; now contemplates a US Holding Company Organized as PCI Delaware LLC…" ECF No. 28-2.

holding company of the automotive entities in which Ghaffar had actually agreed to invest through PRV in return for an Equity Interest in F40 and V12.  *See* ECF 28-2.

In sum, the Motion to Supplement consists of disingenuous and misleading arguments.  The Paulson Defendants' interpretation of the sentence in the Opp. Mem. is erroneous and undermines rather than supports their Motion for Sanctions, which is itself vexatious and unwarranted.  It is a ploy designed to attempt to harass and intimidate Plaintiff and his attorneys, while improperly disputing the evidentiary sufficiency of the Amended Complaint.  The underlying basis for the Motion to Supplement is also highly suspect because the supplemental documents do not actually contain any new information.  The Paulson Defendants, as part of Exhibit 2 (ECF Doc. No. 88-2), filed an operating agreement for PCI DE LLC, which reflects Ghaffar's membership interest in PCI DE LLC, and which they have had in their possession since it was prepared during 2022.  By their own admission, the letter they filed as Exhibit 1 merely confirms what is in Exhibit 2.  Thus, this information is not new and any arguments relating thereto should be considered waived, as they were not made in the reply.  *See e.g.*, *Gonzalez Canton v. Mad Ruk Entertainment, Inc.*, 2023 WL 456545 at *9 (D.P.R. 2023) ("The first Circuit has time and again made clear that a party waives any argument raised for the first time in a reply brief.") (citations omitted).  In any event, for the reasons set forth, those supplemental documents do not provide any support for the Motion for Sanctions, as the arguments in the Motion to Supplement are completely unfounded and should be rejected.

## CONCLUSION

For the reasons set forth above and in Plaintiff's Memorandum in Opposition to the Motion for Sanctions, the Motion for Sanctions should be denied. Moreover, as set forth in Plaintiff's Opposition to the Motion for Sanctions, the Court should award Plaintiff his costs and attorneys' fees for responding to both the Motion for Sanctions and the Motion to Supplement, pursuant to 28 U.S.C. § 1927.

Dated: December 20, 2023

Respectfully submitted,

RUSSO PLLC

/s/Martin P. Russo
Martin P. Russo (*Pro Hac Vice*)
Robert Sidorsky (*Pro Hac Vice*)
Daniel Branower (*Pro Hac Vice*)
350 Fifth Avenue, Suite 7230
New York, New York 10118
(212) 363-2000
martin@russopllc.com

/s/ Harold D. Vicente Colon
Harold D. Vicente-Colón
USDC -PR 211805
Vicente Law LLC
Capital Center Sur Ph1-1201
239 Arterial Hostos
Hato Rey
Tel. (787) 751-8000
Fax (787) 756-5250
hdvc@vclawpr.com