IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FAHAD GHAFFAR,

Plaintiff,

v.

JOHN PAULSON, et al.,

Defendants.

CIVIL NO. 23-1455 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case is one of several ongoing legal disputes between Plaintiff Fahad Ghaffar ("Plaintiff") and his former business partner co-Defendant John Paulson ("Paulson"). In September 2023, Plaintiff filed the present case against Paulson and Paulson PRV Holdings, LLC ("PRV" and collectively the "Paulson Defendants") alleging they misled him and reneged payment on a business investment. The claim centers around a $17,000,0000.00 investment Plaintiff made in a note issued by co-Defendant PRV which would initially pay profits and interest and would later be converted into a fifty percent (50%) equity interest. Plaintiff claims Paulson misrepresented the transaction at issue, failed to pay him in over sixteen (16) months and never produced the note.

Before the Court is the Paulson Defendants' "Motion to Disqualify Fahad Ghaffar's Counsel Due to Conflict of Interest" in which they argue Plaintiff's attorneys José A. Andreu-Fuentes ("Andreu") and Alfredo M. Umpierre-Soler ("Umpierre") must be disqualified due to a conflict of interest. (Docket No. 33). Before the Court are also

Plaintiff's Opposition thereto (Docket No. 71), the Paulson Defendants' Reply to Plaintiff's Opposition (Docket No. 80) and Plaintiff's Sur-Reply. (Docket No. 98).

The Court notes that the Paulson Defendants filed a very similar motion in Better Puerto Rico, LLC, v. Paulson PRV Holdings, LLC, et al., Civil No. 23-1529 (RAM) ("Better Puerto Rico case") also seeking to disqualify Plaintiff's counsels in that case arguing conflicting representation due to three (3) previous representations, to wit, services regarding a restaurant at the Condado Vanderbilt Hotel, a luxury automobile purchase gone awry and a wrongful termination and discrimination claim of a former employee. The Court in the Better Puerto Rico case evaluated the representations and denied the Paulson Defendants' petition for disqualification. (Civil No. 23-1529 (RAM), Docket No. 89). In explaining its reasoning, the Court found that the Paulson Defendants had not shown that the representations in question were substantially related to the claims in that particular case or how information obtained in the prior representations could be used to their detriment in that case. Id.

In light of said opinion, and because the motion before the Court moves for the disqualification based on those same three (3) legal instances, the Court ordered the Paulson Defendants to show cause as to why their petition to disqualify Plaintiff's counsels in the present case should not likewise be denied. (Docket No. 121). Both parties filed responses to the Court's Order, which are also pending before the Court. (Docket Nos. 122 and 126).

For the reasons explained below, the Paulson Defendants' Motion for Disqualification is DENIED. (Docket No. 33).

**APPLICABLE LAW**

Court proceedings in the District Court for the District of Puerto Rico are governed by the American Bar Association's Model Rules of Professional Conduct ("Model Rules") and the Code of Pretrial Trial Conduct published by the American College of Trial Lawyers. L.Civ.R. 83E(a). Rule 1.9(a) of the Model Rules provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Model Rules of Pro. Conduct r. 1.9(a) (Am. Bar Ass'n 2024).

The Court of Appeals for the First Circuit ("First Circuit") has held that the inquiry into whether disqualification is appropriate in conflict-of-interest cases is determined by the "substantially related" test. Borges v. Our Lady of the Sea Corp., 935 F.2d 436 (1st Cir. 1991); see also Rivera Molina v. Casa La Roca, LLC, 546 F.Supp.3d 108 (D.P.R. 2021); Starlight Sugar Inc. v. Soto, 903 F.Supp. 261 (D.P.R. 1995). "The relevant inquiry is whether the subject matter of the two representations is 'substantially related'; could the attorney have obtained confidential information in the first suit that would have been relevant to the second." Borges, 935 F.2d at 439.

The Court's analysis to determine whether matters are "substantially related" was framed by this district many years ago as follows:

> First, the court reconstructs the scope of the facts involved in the former representation and projects the scope of the facts that will be involved in the second representation. Second, the court assumes that the lawyer obtained confidential client information about all facts within the scope of the former representation. Third, the court determines whether any aspect of the

> former representation is so similar to any material matter in the latter representation that a lawyer would consider it useful in advancing the interests of the client in the latter representation.

Starlight Sugar, Inc., 903 F.Supp. at 265-66. The moving party bears the burden in this type of motion and "must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation." Id., at 265 (citing Estrada v. Cabrera, 632 F.Supp. 1174, 1175 (D.P.R. 1986)). The Court must tread carefully in this type of analysis because disqualifying a party's chosen counsel is a "serious matter which could not be supported by the mere possibility of a conflict." Id.

**LEGAL ANALYSIS**

The Court begins by reconstructing the past relevant claims. The first case pertains to legal services rendered to the La Concha and Condado Vanderbilt Hotels regarding contracts and lease agreements eventually executed by Paulson entities' Duo Condado, Condado Duo La Concha SPV LLC, and Vanderbilt SPV, LLC. The legal services were in relation to a proposed amendment to the STK agreement (a restaurant located at the Condado Vanderbilt Hotel); the STK licensing agreement; STK's re-opening at the Condado Vanderbilt Hotel; and lease agreements for both La Concha and Condado Vanderbilt hotels. PRV, a co-Defendant in this case, is the managing member of Duo Condado, who is the sole equity member of Condado Duo La Concha SPV LLC, and Vanderbilt SPV, LLC. The Paulson Defendants argue Plaintiff's counsels have access to contracts, executives, assets and business relationships not otherwise obtainable.

The second case involved specific performance of a contract to sell a 2022 Ferrari SF90 Spider and was brought against the F40, LLC ("F40") luxury auto dealership. (The

"Ferrari Litigation"). F40 is the Paulson entity that, along with V12 Land, LLC, acquired the assets, real estate and luxury car dealership business from Gómez Hermanos Kennedy. F40 is wholly owned by co-Defendant PRV, and is the entity Plaintiff sought to invest into in the present case. The Paulson Defendants contend that counsel Andreu had access to F40's ownership structure, internal operations and management.

The third case was a wrongful termination, discrimination, and defamation case brought by former employee Enrique Díaz-Pagán against International Hospitality Restaurants ("IHR"). IHR is owned by Duo Condado, whose managing member is co-Defendant PRV. The Paulson Defendants assert that counsels in this case had access to sensitive confidential business records.

Although the Paulson Defendants argue for disqualification due to all three (3) representations, they focus their argument mostly on the Ferrari Litigation and claim that the issues "overlap." They posit that the disqualification is warranted in this case based on the second element of the test, to wit, the acquisition of confidential information, because counsels Andreu and Umpierre are now representing Plaintiff in a case involving a prior client, F40, against the prior client's ultimate owner, Paulson, and sole member, PRV who are co-Defendants in the case at bar. Additionally, they argue that, since counsel Andreu had previously represented entities owned, managed by, or related to PRV in other matters, the Court should therefore find that those entities are also Andreu's clients. As a result of this past representation, particularly F40, their argument is that Plaintiff's present counsel obtained knowledge and information regarding confidential contracts, agreements and other matters that may be used against them now. (Docket No. 33, p. 9).

While the Paulson Defendants are correct in this assertion and, in fact, the test in Starlight Sugar, Inc. demands that the Court assume that counsel was privy to confidential information, that alone is insufficient as they must prove how that confidential information is detrimental to them in this case. Velázquez-Vélez v. Molina-Rodríguez, 235 F.Supp.3d 358, 361-62 (D.P.R. 2017) ("naked claims that the attorney received confidential information from his prior (and now adverse) client do not suffice.").

Examined in greater detail, the Ferrari Litigation involved a lawsuit filed against F40 by Bee Fast Corporation ("Bee Fast") when Plaintiff was the Chief Executive Officer of F40 for allegedly breaching the contract and incurring in fraud, and asking for permanent injunctive relief, damages and for specific performance in the delivery of the vehicle. Bee Fast alleged that it paid F40 $880,000.00 for the purchase and sale contract of the Ferrari vehicle, which F40 ultimately failed to deliver. The present case, on the other hand, involves securities fraud, breach of contract, bad faith and damages related to a transaction where Plaintiff invested the sum of $17,000,000 as an equity investment in F40.

The Paulson Defendants' position is that an adverse successive (and therefore improper) representation exists, insofar as counsel Andreu represented F40 in the Ferrari Litigation at the same time Plaintiff was negotiating his equity interest in F40 and that counsel Andreu also represented affiliates of other Paulson entities. Plaintiff then turned around and retained counsel Andreu to sue F40's sole owner and member, PRV, in this case. Nonetheless, F40 is not a party in this case and the fact that Andreu might have represented PRV's other companies in unrelated matters does not mean, without more,

that the representation now is tainted. This alone is insufficient to warrant disqualification under the Model Rules, as the Court also found in the Better Puerto Rico case. See Estrada, 632 F.Supp. at 1177. The fact that the cases may involve some similar general claims such as breach of contract and fraud has little relevance given the vastly differing factual scenarios and issues in both cases. In the same vein, the Court cannot find any overlap as agued by the Paulson Defendants.

Assuming that confidences were shared, the Paulson Defendants fail to establish how this former representation regarding the sale of a luxury sports car affects this case, which deals with whether or not they complied with the terms of an investment agreement. Although the Paulson Defendants argue that this case would involve the uncovering of confidential information, they have failed to evidence how its disclosure affects this particular case. Again, being privy to confidential information is not forbidden, and the burden is on the Paulson Defendants to show how the information allegedly acquired has material relevance to this case. See Somascan Plaza, Inc. v. Siemens Med. Sys., Inc., 187 F.R.D. 34, 41 (D.P.R. 1999) ("[K]nowledge of a former client's financial and business background is not in itself a basis for disqualification if the client's background is not an issue in the later litigation."). Besides showing that the F40 was the entity in which Plaintiff sought to invest, the Paulson Defendants have failed to evidence how the cases are even somewhat related, much less substantially related. The other two (2) cases, regarding the STK restaurant and the employment dispute, are even less related as they involve different parties and issues altogether.

In the Paulson Defendants' response to the Court's order to show cause, they attempt to change the outcome their disqualification efforts had in the Better Puerto Rico

case, arguing now that the facts and nature of the claims in the present case are different. They urge the Court to disqualify Plaintiff's counsels based on a lawyer's duty of fidelity towards their client pursuant to the Puerto Rico Canons of Professional Ethics that impose more stringent requirements than the Model Rules. Thus, they invite the Court to "conclude that both attorneys incurred in an actual breach of the duty of utmost loyalty to former or current clients," or at least, came very close thereto. (Docket No. 122, p. 3).

However, the guiding principles in this type of inquiry in this District are the Model Rules of Professional Conduct, not the Puerto Rico Canons of Professional Ethics. For this reason, the Paulson Defendants would be better served by bringing this argument in the cases currently before the Commonwealth Courts. Moreover, in keeping with that line of thought and as previously stated, what the Court must look at this juncture is whether the prior representation is substantially similar to the current one and whether the confidential information previously acquired is material to this case and could adversely affect the Paulson Defendants. Somascan Plaza, Inc., 187 F.R.D. at 38 (the party moving for disqualification bears the burden of showing a substantial relationship between the former and current representation). Therefore, this argument is inapposite.

The Paulson Defendants also argue that the Court in the Better Puerto Rico case was too rigid in its application of the "substantially related" test, and in the process disregarded key factors such as, the actual scope of counsel's previous work; the clients involved and their interests; evidence showing counsel's access to confidential information; counsel's duty to their former and current clients; and said clients' roles within Paulson's Puerto Rico business. Nonetheless, the Paulson Defendants point to no caselaw to support why the Court in this case should deviate from the "substantially

related" test adopted in Starlight Sugar and Borges, and their progeny for the Court to decide in their favor.

In sum, the Paulson Defendants have not shown how the information acquired by counsels Umpierre and Andreu is substantially related to the matter at hand. Thus, the Court finds no reason to disqualify Plaintiff's chosen counsels.

**CONCLUSION**

For the foregoing reasons, the Paulson Defendants' "Motion to Disqualify Fahad Ghaffar's Counsel Due to Conflict of Interest" (Docket No. 33) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 7th day of March 2024.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES DISTRICT JUDGE