IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FAHAD GHAFFAR,

Plaintiff,

v.

JOHN PAULSON, et al.,

Defendants.

CIVIL NO. 23-1455 (CVR)

**SCHEDULING ORDER**

Considering the parties' joint filing at Docket No. 130, this Order constitutes the Court's Scheduling Order under Fed.R.Civ. P. 16 (b).

The following deadlines are set considering that the parties were not able to agree and jointly propose the deadlines:

- The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before April 5, 2024.

- The parties shall submit an ESI protocol by April 19, 2024. In the even the parties cannot come to agreement on the contents of their ESI protocol, they shall submit one draft with any areas of disagreement bolded. Each party may additionally submit a letter of no more than two (2) pages explaining its position.

- The parties shall serve initial requests for production by April 26, 2024. Objections and Responses shall be served no later than May 28, 2024.

- The parties shall meet and confer regarding search terms and custodians by June 10, 2024. The parties shall exchange finalized lists of custodians and search terms by June 24, 2024.

- No additional parties may be joined or pleadings amended after October 31, 2024, except with leave of court upon good cause shown or as otherwise permitted by Fed. R. Civ. P. 15.

- The parties may serve interrogatories by May 3, 2024. Objections and Responses shall be served within thirty (30) days of service of the interrogatories, and in any event no later than June 3, 2024, Provided the Court has ruled on any motions related to the ESI protocol, protective order, and search terms or custodians, the parties shall begin rolling document production by August 30, 2024. The parties shall substantially complete their document productions, with accompanying privilege logs, by September 30, 2024. The parties' respective privilege logs shall identify withheld documents individually, rather than by category. All privilege logs shall be produced by September 30, 2024. The parties agree that privileged communications solely between a party and its litigation counsel made on or after July 31, 2023 do not need to be identified on privilege logs.

- The parties shall meet and confer regarding privilege objections by October 15, 2024. The parties shall file any motion to compel production of documents withheld on privilege grounds by November 15, 2024.

- Non-expert depositions shall be completed by December 15, 2024.

- All fact discovery must be completed by December 15, 2024.

- Expert reports and disclosure of expert testimony conforming to the requirements of Fed. R. Civ. P. 26(a)(2)(B) by the party bearing the burden on an issue must be served by January 15, 2025. Identification of rebuttal experts and disclosure of their expert testimony must occur by February 15, 2025.

- All expert discovery must be completed by March 21, 2025.

- Requests for Admission shall be served no later than 30 days before the close of discovery.

- Within 14 days of the close of all discovery, the parties will indicate whether they plan to file dispositive motions.

- Any motion for summary judgment will be served by April 4, 2025, opposition served by April 25, 2025, reply served by May 9, 2025.

All other deadlines will be set after dispositive motions are entertained.

The directives and deadlines set forth in this Order are intended to ensure the effective litigation of this case and shall be strictly complied with.  The filing of a dispositive motion nor settlement discussions will suspend the directives in this Order. Additionally, discovery impasses may only be brought to the Court's attention by motion upon a showing of compliance with Local Rule 26(b).

All depositions shall be conducted in the English language. If the deponent does not speak English, a certified interpreter shall be available during the deposition. All interpreter costs shall be borne by the party notifying the deposition.

Counsel and their staff shall not contact the undersigned's chambers for case related inquires, appearances before the Court, scheduling, calendar conflicts and

CM/ECF filing technical assistance.  A motion is the only appropriate mechanism to contact the Court.  The undersigned personally and promptly reviews all motions daily.

Failure to comply with this Order and the deadlines may entail the imposition of sanctions.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 26th day of March 2024.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES DISTRICT JUDGE